FORM 3 (ND/SD MISS. DEC. 2011)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

DONNA McCARTHY,

Plaintiff,

v.

CIVIL ACTION<br>No. 3:20-CV-00796-HTW-FKB

AT&T SERVICES, INC. and BELLSOUTH
TELECOMMUNICATIONS, LLC,

Defendant.

## FINAL PRETRIAL ORDER

1.  A pretrial conference was held as follows:

    Date: ___August 23, 2021____    Time: ___2:00 pm_____

    Via Zoom at the United States Courthouse, Jackson, Mississippi,

    before the Honorable Daniel P. Jordan, Chief U.S. District Judge.

2.  The following counsel appeared:

    a.  For the Plaintiff:

    | Name | Postal and Email Addresses | Telephone No. |
    |---|---|---|
    | Nick Norris<br>Watson & Norris, PLLC | 4209 Lakeland Drive #365<br>Flowood, MS  39232<br>nick@watsonnorris.com | (601) 968-0000 |

    b.  For the Defendant:

    | Name | Postal and Email Addresses | Telephone No. |
    |---|---|---|
    | Mallory K. Bland<br>Phelps Dunbar LLP | 4270 I-55 North<br>Jackson, MS 39211<br>Mallory.bland@phelps.com | (601) 352-2300 |

1

FORM 3 (ND/SD MISS. DEC. 2011)

| Jason Marsh<br>Phelps Dunbar LLP | 4270 I-55 North<br>Jackson, MS 39211<br>jason.marsh@phelps.com | (601) 352-2300 |
| Kenneth W. Gage<br>Paul Hastings LLP | 200 Park Avenue<br>New York, NY 10166<br>kennethgage@paulhastings.com | (212) 318-6046 |

**c.** For Other Parties: N/A

| Name | Postal and Email<br>Addresses | Telephone No. |

3.      The pleadings are amended to conform to this pretrial order.

4.      The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed:

   **Defendant's Second Affirmative Defense: The Complaint and each and every purported cause of action are covered by a valid and enforceable agreement to arbitrate and, therefore, this case should be stayed pending arbitration.**

5.      The basis for this court's jurisdiction is:

   **Federal Question, 28 U.S.C. § 1331.**

6.      The following jurisdictional question(s) remain(s) [If none, enter "None"]:

   **None.**

7.      The following motions remain pending:

   **Defendant's Motion to Compel Arbitration (Dkt. No. 14)**

8.      The parties accept the following **concise** summaries of the ultimate facts as claimed by:

   a.      Plaintiff:

   **Plaintiff asserts that she never received the relevant arbitration agreement, and that she was on extended leave for several months because of a difficulty with her pregnancy. Plaintiff did not have access to her e-mail during the time Defendant claims Plaintiff viewed the arbitration agreement, and had given access to her e-mail to her supervisor so that she could make sure Defendant's clients were properly handled while Plaintiff was out.**

2

LEGAL_US_W # 111392780.1

FORM 3 (ND/SD MISS. DEC. 2011)

**b.**     Defendant:

Defendant asserts (a) that it adopted an alternative dispute resolution process referred to as the Management Arbitration Agreement in November 2011; (b) that it gave Plaintiff notice of this Management Arbitration Agreement and notice that if she did not opt out of it by February 6, 2012, she would be bound to arbitrate all future disputes; and (c) that Plaintiff did not opt out of the Management Arbitration Agreement.

**c.**     Other: N/A

**9.**     **a.**     The following facts are established by the pleadings, by stipulation, or by admission:

1. In late 2011, AT&T rolled-out its voluntary management arbitration program (the "Agreement").
2. An email was sent to McCarthy at her Company address containing a link to the Agreement on the Company intranet, and explaining (i) the importance of reviewing the Agreement, and (ii) that, "[t]he decision whether or not to participate [in the Agreement] [was hers] to make."
3. The email was sent to the address that McCarthy used in the usual course of business.
4. There was no undeliverable message reply indicating a problem with delivery.
5. An employee's password is determined by the employee.
6. The intranet page displaying the Agreement contained an electronic button labeled "Review Completed," which if clicked created an electronic record that the employee reviewed the document.
7. McCarthy's work as a Sales Executive 1 – ACC assisted AT&T in providing products and services in interstate commerce.
8. From November 2011 through February 2012, Ms. McCarthy received her pay and benefits from AT&T, including bonuses and commissions.

**b.**     The contested issues of fact are as follows:

1. Whether Plaintiff was given notice of the Management Arbitration Agreement and the ability to opt-out between November 2011 and February 2012.
2. Whether Plaintiff received and reviewed the Management Arbitration Agreement.
3. Whether Plaintiff was not at work and did not have access to her e-mail during the time Defendant contends Plaintiff received and reviewed the Management Arbitration Agreement.

LEGAL_US_W # 111392780.1

    **c.**      The contested issues of law are as follows:

                **None.**

**10.**    The following is a list and brief description of all exhibits (except exhibits to be used for impeachment purposes only) to be offered in evidence by the parties.  **Each exhibit has been marked for identification and examined by counsel.**

    **a.**      To be offered by the Plaintiff:

            **P-1 - Defendant's EEOC Position Statement.**

            **P-2 – Baptist Health System Records.**

            The authenticity and admissibility in evidence of the preceding exhibits are stipulated.  If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

            **P-1 – Relevance (AT&T's position on the merits of Plaintiff's claims, which arise from events in 2019, are irrelevant to the issues before the court, which relate to events between December 2011 and February 2012).**

            **P-2 – Relevance (details regarding plaintiff's health condition are irrelevant); Prejudice/Confusion (the probative value, if any, of details regarding plaintiff's health condition are outweighed by unfair prejudice and confusion).**

    **b.**      To be offered by the Defendant:

            **Exhibit D-1 – Exemplar email from AT&T with subject heading "Action Required: Arbitration Agreement" sent to all AT&T's U.S.-based management employees beginning November 30, 2011.**

            **Exhibit D-2 – Text of Management Arbitration Agreement posted on AT&T's intranet page and linked in exemplar email.**

            **Exhibit D-3 – AT&T Intranet page displaying the Agreement contained an electronic button labeled "Review Complete" that the viewer was asked to click to indicate he or she acknowledges having seen the Agreement.**

            **Exhibit D-4 – AT&T Intranet page screenshot illustrating how a user entered his or her Global Logon credentials to access the Agreement.**

FORM 3 (ND/SD MISS. DEC. 2011)

Exhibit D-5 – Screenshot of report showing records generated by AT&T's computer system that reflect emails with subject heading "Action Required: Arbitration Agreement" and contents identical to those of Exhibit D-1, were sent to recipient DA3552@US.ATT.COM on November 30, 2011 at 11:02 p.m. Pacific Time.

Exhibit D-6 – Screenshot of report showing records generated by AT&T's computer system that reflect the Agreement was accessed by user DA3552 on December 1, 2011 at 5:28 a.m. Pacific Time.

Exhibit D-7 – Screenshot of report showing records generated by AT&T's computer system that reflect user DA3552 clicked the "Review Completed" button at the top of the Agreement on January 11, 2012 at 6:14 a.m. Pacific Time.

Exhibit D-8 – Excerpt of report reflecting user DA3552 accessed the Agreement on December 1, 2011 and clicked the "Review Complete" button at the top of the Agreement on December 1, 2011.

Exhibit D-9 – AT&T Training History of Donna McCarthy.

Exhibit D-10 – 2011 AT&T Attendance Report for Donna McCarthy.

Exhibit D-11 – 2012 AT&T Attendance Report for Donna McCarthy.

Exhibit D-12 – Business Records from AT&T's Contract Operations Tool and Connected Communities U-verse system reflecting work performed by Donna McCarthy between December 1, 2011 and February 6, 2012.

> Exhibit D-12.a – Contract Operations Tool business record for The Arlington property.

> Exhibit D-12.b – Contract Operations Tool business record for Beechwood property.

> Exhibit D-12.c – Contract Operations Tool business record for Casa Grande property.

> Exhibit D-12.d – Contract Operations Tool business record for Commodore property.

> Exhibit D-12.e – Contract Operations Tool business record for Confederate Ridge property.

LEGAL_US_W # 111392780.1

FORM 3 (ND/SD MISS. DEC. 2011)

**Exhibit D-12.f – Contract Operations Tool business record for Creekside property.**

**Exhibit D-12.g – Contract Operations Tool business record for Magnolia Commons property.**

**Exhibit D-12.h – Contract Operations Tool business record for Pecan Ridge property.**

**Exhibit D-12.i – Standard Pricing Quota for Casa Grande property.**

**Exhibit D-12.j – Standard Pricing Quota for Commodore property.**

**Exhibit D-12.k – Standard Pricing Quota for Confederate Ridge property.**

**Exhibit D-12.l – Standard Pricing Quota for Creekside property.**

**Exhibit D-12.m – Standard Pricing Quota for Pecan Ridge property.**

**Exhibit D-12.n – Connected Communities U-verse Review record for The Arlington property.**

**Exhibit D-12.o – Connected Communities U-verse Review record for Beechwood property.**

**Exhibit D-12.p – Connected Communities U-verse Review record for Camelot property.**

**Exhibit D-12.q – Connected Communities U-verse Review record for Canton Gardens property.**

**Exhibit D-12.r – Connected Communities U-verse Review record for Casa Grande property.**

**Exhibit D-12.s – Connected Communities U-verse Review record for Confederate Ridge property.**

**Exhibit D-12.t – Connected Communities U-verse Review record for Country Club Apts. property.**

**Exhibit D-12.u – Connected Communities U-verse Review record for Creekside property.**

LEGAL_US_W # 111392780.1

FORM 3 (ND/SD MISS. DEC. 2011)

**Exhibit D-12.v – Connected Communities U-verse Review record for Cypress Point property.**

**Exhibit D-12.w – Connected Communities U-verse Review record for Federation Towers property.**

**Exhibit D-12.x – Connected Communities U-verse Review record for Gardens at Canal Park property.**

**Exhibit D-12.y – Connected Communities U-verse Review record for Jackson Square property.**

**Exhibit D-12.z – Connected Communities U-verse Review record for Kinborough Apts. property.**

**Exhibit D-12.aa – Connected Communities U-verse Review record for Kinkade Apts. property.**

**Exhibit D-12.bb – Connected Communities U-verse Review record for Lakeview Arms property.**

**Exhibit D-12.cc – Connected Communities U-verse Review record for Laurel Park property.**

**Exhibit D-12.dd – Connected Communities U-verse Review record for Molly Barr Trails property.**

**Exhibit D-12.ee – Connected Communities U-verse Review record for Oak Hollow property.**

**Exhibit D-12.ff – Connected Communities U-verse Review record for Oakmont Manor property.**

**Exhibit D-12.gg – Connected Communities U-verse Review record for Oaks property.**

**Exhibit D-12.hh – Connected Communities U-verse Review record for Pecan Ridge property.**

**Exhibit D-12.ii – Connected Communities U-verse Review record for Pine Grove property.**

**Exhibit D-12.jj – Connected Communities U-verse Review record for River Hills property.**

7

Form 3 (ND/SD Miss. Dec. 2011)

**Exhibit D-12.kk – Connected Communities U-verse Review record for Taylor Bend Apts. property.**

**Exhibit D-12.ll – Connected Communities U-verse Review record for Westgate property.**

**Exhibit D-13 – Select expense report records submitted by Donna McCarthy.**

The authenticity and admissibility in evidence of the preceding exhibits are stipulated.  If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

D-5 – **authenticity**

D-6 – **authenticity**

D-7 – **authenticity**

D-8 – **authenticity**

D-9 – **authenticity**

D-10 – **authenticity**

D-11 – **authenticity**

D-12 – **authenticity**

D-13 – **authenticity**

11.    The following is a list and brief description of charts, graphs, models, schematic diagrams, and similar objects which will be used in opening statements or closing arguments, but which **will not** be offered in evidence:

**Chronologic compilation of evidence illustrating work activity by Plaintiff between December 1, 2011 and February 6, 2012.**

Objections, if any, to use of the preceding objects are as follows:

If any other objects are to be used by any party, such objects will be submitted to opposing counsel at least three business days before trial.  If there is then any objection to use of the objects, the dispute will be submitted to the court at least one business day before trial.

8

FORM 3 (ND/SD MISS. DEC. 2011)

12.    The following is a list of witnesses Plaintiff anticipates calling at trial (excluding
       witnesses to be used solely for rebuttal or impeachment).  All listed witnesses must be
       present to testify when called by a party unless specific arrangements have been made
       with the trial judge before commencement of trial.  The listing of a WILL CALL witness
       constitutes a professional representation, upon which opposing counsel may rely, that the
       witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | Will/ May Call | [F]act/ [E]xpert [L]iability/ [D]amages | Business Address & Telephone Number |
|------|----------------|------------------------------------------|-------------------------------------|
| Donna McCarthy | Will | Fact | Madison, MS |
| Kathy Marino | May | Fact | New Orleans, LA |
| Jay Murphy | May | Fact | Atlanta, GA |
| Sandy Morgan | May | Fact | Birmingham, AL |
| Wendy Green | May | Fact | Memphis, TN |
| Cody Quetant | May | Fact | Atlanta, GA |
| Nick Ginn | May | Fact | Memphis, TN |
| Jay McCarthy | May | Fact | Madison, MS |
| Dawn Clements | May | Fact | Brandon, MS |
| Dr. John Isaacs | May | Fact | Jackson, MS |
| Peggy Dickason | May | Fact | Jackson, MS |

Will testify live.

Will testify by deposition:

       State whether the entire deposition, or only portions, will be used.  Counsel **must** confer,
       no later than twenty-one days before the commencement of trial, to resolve **all**
       controversies concerning **all** depositions (electronically recorded or otherwise).  All
       controversies not resolved by the parties **must** be submitted to the trial judge not later
       than fourteen days before trial.  All objections not submitted within that time are waived.

9

FORM 3 (ND/SD MISS. DEC. 2011)

13.   The following is a list of witnesses Defendant anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment).  All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial.  The listing of a **WILL CALL** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | Will/ May Call | [F]act/ [E]xpert [L]iability/ [D]amages | Business Address & Telephone Number |
|------|------|------|------|
| Brandy Giordano | Will | F | Sacramento, California |
| Tanya Tierney | May | F | Dallas, Texas |
| Cathy Marino | May | F | Metairie, Louisiana |
| Donna McCarthy | May | F | Madison, MS |

Will testify live.

Will testify by deposition: N/A

State whether the entire deposition, or only portions, will be used.  Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise).  All controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial.  All objections not submitted within that time are waived.

14.   This is a jury case.

15.   Counsel suggests the following additional matters to aid in the disposition of this civil action: N/A

16.   Counsel estimates the length of the trial will be two days.

17.   As stated in paragraph 1, this pretrial order has been formulated (a) at a pretrial conference before a judicial officer, notice of which was duly served on all parties, and at which the parties attended as stated above, or (b) the final pretrial conference having been dispensed with by the judicial officer, as a result of conferences between the parties.  Reasonable opportunity has been afforded for corrections or additions prior to signing.  This order will control the course of the trial, as provided by Rule 16, Federal Rules of

FORM 3 (ND/SD MISS. DEC. 2011)

Civil Procedure, and it may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

ORDERED, this the ____4____ day of ____March____, 20__22__.

____Henry T. Wingate____
UNITED STATES DISTRICT JUDGE

_/s/ Nick Norris_____
         Attorney for Plaintiff

_____
         Attorney for Defendant

11

LEGAL_US_W # 111392780.1